**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WANDA R. CLEMONS, | |
| Plaintiff, | Case No. 2:15–cv–389–APG–VCF |
| vs. | **REPORT & RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter involves Plaintiff Wanda R. Clemons's appeal from Defendant Carolyn W. Colvin's final decision denying Clemons's social security benefits. (Doc. (#4)). Before the court is Clemons's amended Motion for Remand and/or Reversal. (Doc. (#17)). The Commissioner responded (Doc. (#23)) and Clemons replied (Doc. (#24)). Also before the court is the Commissioner's unopposed cross motion for summary judgment (Doc. (#22)). For the reasons stated below, the court recommends granting Clemons's motion for remand and denying the Commissioner's cross motion for summary judgement.

**I. STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See*, e.g., *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

## II. DISCUSSION

Clemons's appeal presents three questions: (1) whether it was improper for the administrative law judge (the "ALJ") to not fully accept the opinion of an examining physician without setting forth specific, legitimate reasons, (2) whether the ALJ committed error at step five of the evaluation, and (3) whether any errors the ALJ committed were harmless.

**1.    DR. LUKE'S OPINION WAS NOT IMPROPERLY DISCOUNTED**

Clemons contends that the ALJ erred because the ALJ did not set forth specific, legitimate reasons for discounting Dr. Luke's opinion. The Commissioner responds that the ALJ's reliance on

2

Clemons's treating records from Southern Nevada Adult Mental Health Services justified the ALJ's decision to give less weight to Dr. Luke's opinion.

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010) (quoting *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995)) (internal quotation marks omitted). "However, to reject the opinion of a treating physician 'in favor of a conflicting opinion of an examining physician[,]' an ALJ still must 'make[ ] findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.'" *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 692 (9th Cir. 2009).

The ALJ "did not fully accept [Dr. Luke's opinion] because it appeared to be an underestimate of the claimant's abilities, given [the] treating records from SNAMHS." (AR 39). The parties agree that Dr. Luke is an examining physician. (Doc. (#17) at 6); (Doc. (#23) at 5-6). The parties also agree that the SNAMHS records are treating records. (Doc. #17) at 9); (Doc. (#23) at 5). Under the general rule regarding the weight of medical sources in a social security action, the ALJ was justified in giving less weight to an examining source, Dr. Luke, based on the information provided by a treating source, the SNAMHS records. Thus the ALJ was not required to give specific, legitimate reasons for discounting part of Dr. Luke's opinion.

It is unnecessary to reach Clemons's credit-as-true argument because the ALJ properly discounted part of Dr. Luke's opinion.

/// /// ///

/// /// ///

## 2. **THE ALJ'S FAILURE TO HAVE THE VOCATIONAL EXPERT EXPLAIN THE INCONSISTENCY BETWEEN CLEMONS'S LIMITATION AND THE REQUIREMENTS OF LEVEL–THREE REASONING CONSTITUTES ERROR**

Clemons contends that the ALJ erred at step five of the evaluation because (1) the ALJ failed to have the vocational expert (the "VE") explain why Clemons was found able to perform work that requires level-three reasoning, despite Clemons's "simple tasks and simple instructions" residual functional capacity (the "RFC") limitation, and (2) the ALJ failed to have the VE explain why the VE's testimony deviated from the Dictionary of Occupational Titles (the "DOT") regarding the "sit/stand at will" limitation. The Commissioner responds that the ALJ did not err at step five of the evaluation process because the VE explained that, even with Clemons's RFC limitation, she could still perform occupations that require level-three reasoning. The court disagrees with the Commissioner and finds that the ALJ erred when Clemons was found able to perform work that requires level-three reasoning, even though Clemons's RFC limitation precludes her from all occupations that require level-three reasoning.

    A. *Inconsistency Between Clemons's "Simple Tasks and Simple Instructions" Limitation and the ALJ's Determination That Clemons Could Perform Work That Requires Level-Three Reasoning*

To qualify for benefits under the Social Security Act, the claimant must demonstrate his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "ALJs apply a five-step evaluation process to determine whether a claimant qualifies as disabled." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Between the third and fourth steps, the ALJ determines the claimant's residual functional capacity. 20 CFR 416.920(e). At the fourth step, the ALJ determines whether the claimant, given his residual functional

4

capacity, can perform past work. 20 CFR 416.920(f). At the fifth step, the ALJ determines whether the claimant can perform other work given his residual functional capacity, age, education, and work experience. 20 CFR 416.920(g).

In assessing the claimant's ability to perform other work, the ALJ may consult the Dictionary of Occupational Titles[1] and the testimony of a vocational expert. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). If there are inconsistencies between the claimant's RFC limitations and the VE's testimony regarding the work the claimant could perform, then the ALJ's procedural duty to develop the records requires the ALJ to obtain a reasonable explanation from the VE for the conflict. *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015). Failure to recognize an inconsistency, and thus failure to have the VE explain the inconsistency, constitutes error. *Id.* at 847.

A "simple tasks and simple instructions" RFC limitation is inconsistent with occupations that require level-three reasoning.[2] *See Lee v. Astrue*, 2010 WL 653980, at *11 (E.D. Cal. Feb. 19, 2010) (finding an analogous "simple work with one- or two-step directions" RFC limitation was inconsistent with work that requires level-three reasoning); *see also Grigsby v. Astrue*, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010) (holding that a "simple repetitive tasks involving two steps of instructions" RFC limitation was inconsistent with work that requires level-two reasoning).

The ALJ failed to recognize the conflict between Clemons's "simple tasks and simple instructions" limitations and the VE's testimony that Clemons could perform work that requires level-three reasoning. The ALJ found that Clemons's RFC was subject to a "simple tasks and simple

---

[1] "The Social Security Administration has taken administrative notice of the Dictionary of Occupational Titles, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi*, 486 F.3d at 1153 n. 8.

[2] Level 3 reasoning is the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations. DOT, App. C.

instructions" limitation. (AR 33). The VE testified Clemons was able to perform the duties of a charge account clerk, call out operator, and surveillance system monitor. (AR 98). The VE, however, recognized that all three occupations requires level-three reasoning. Although the VE admitted that the level-three reasoning requirement precluded certain jobs in the surveillance system monitor category, the VE maintained Clemons's could perform work that requires level-three reasoning. (AR 99).

District courts have found that claimants under RFC limitations similar to Clemons's "simple tasks and simple instructions" RFC limitation are precluded from all occupations that require level-three reasoning. *See Lee*, 2010 WL 653980, at *11;  *see also* Grigsby, 2010 WL 309013, at *2. Yet, ALJ found Clemons was able to perform occupations that require level-three reasoning. The ALJ's failure to recognize, and failure to have the VE explain, the inconsistency between Clemons's RFC limitation and the VE's testimony regarding the work Clemons could perform constitutes error.

B. *VE DID NOT DEVIATE FROM THE DOT REGARDING CLEMON'S "SIT/STAND AT WILL" LIMIATION*

Clemons asserts that the ALJ failed to have the VE explain why the VE's testimony deviated from the DOT regarding the "sit/stand at will" limitation. (Doc. (#17) at 17–19) Clemons argues that because the VE's testimony discussed the "sit/stand at will" limitation and the DOT does not discuss a "sit/stand" option, the VE's testimony is in conflict with the DOT. Thus the ALJ was required to have the VE explain why the VE's testimony conflicted with the DOT. The ALJ was not required have the VE explain the conflict between the VE's testimony and the DOT because no conflict existed.

Several courts have held that there is no conflict between the VE's testimony and the DOT, the VE testifies on a matter for which the DOT is silent. *Johns v. Colvin*, 2014 WL 897030, at *12 (D. Utah, March 6, 2014) (citing *Zblewski v. Astrue*, 302 Fed. App'x 488, 494 (7th Cir. 2008); *Stevens v. Colvin*,

2013 WL 1747728, at *9 (N.D. Ohio Apr. 23, 2013); *Conn v. Astrue*, 852 F. Supp. 2d 517, 528–29 (D. Del. 2012)).

Thus no conflict existed between the VE's testimony and the DOT when the VE testified regarding Clemon's "sit/stand at will" limitation. As there was no conflict, the ALJ was not required to have the VE explain a non-existent conflict.

## C.  THE ALJ'S FAILURE TO EXPLAIN INCONSISTENCIES BETWEEN CLEMON'S LIMITATION AND THE VE'S TESTIMONY WAS NOT HARMLESS ERROR

Clemons contends that the ALJ's errors are not harmless and remand to the ALJ is the appropriate remedy. The Commissioner responds that any error the ALJ made was harmless. The ALJ's failure to have the VE explain the inconsistency between Clemons's "simple tasks and simple instructions" RFC limitation and Clemons's ability to perform work that requires level-three reasoning was not harmless error.

Failure to recognize an inconsistency, and have the VE explain an inconsistency, is only reversible if the failure is not harmless. *See Massachi*, 486 F.3d at 1154.  Failure to recognize, and have the VE explain an inconsistency, will not be harmless if the failure left "unresolved potential inconsistenc[ies] in the evidence". *See id.*; *see also Prochaska v. Barnhart*, 454 F.3d 731, 735-36 (7th Cir. 2006) (concluding that an ALJ's finding that claimant could perform jobs beyond his RFC limitation was not harmless error).

The ALJ's failure was not harmless here because it left "unresolved potential inconsistenc[ies] in the evidence." *Prochaska*, 454 F.3d at 735-36. The ALJ determined that Clemons's RFC was subject to a "simple tasks and simple instructions" RFC limitation and that Clemons could perform work that requires level-three reasoning. (AR 33, 40). The ALJ did not have the VE explain how Clemons, whose "simple tasks and simple instructions" RFC limitation precludes Clemons from all work that requires level-three reasoning, is able to perform the occupations that require level-three reasoning. The lack of

7

explanation leaves a significant inconsistency in the evidence. Because of the inconsistency in the evidence, the court cannot determine whether the ALJ's step-five determination was supported by substantial evidence. The court recommends that Clemons's appeal be remanded to the ALJ in order to resolve this inconsistency.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Clemons's Motion to Remand (Doc. #17) be GRANTED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross Motion for Summary Judgment be DENIED.

IT IS SO RECOMMENDED.

DATED this 15th day of December, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE