UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WANDA R. CLEMONS, | Case No. 2:15-cv-00389-APG-VCF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |
| CAROLYN W. COLVIN, | (ECF No. 28) |
| Defendant. | |

Plaintiff Wanda R. Clemons' attorney moves for an award of attorney's fees following Clemons' successful motion for a remand for further proceedings. Clemons' attorneys present evidence that two lawyers expended 24.7 hours and two paralegals expended 2.6 hours on Clemons' case before this court. ECF No. 28-1. Counsel requests a total of $5,039.98. The defendant did not oppose the motion.

A court generally may not award costs or attorney's fees against the United States absent a statute directly authorizing such an award. *United States v. Chem. Found.*, 272 U.S. 1, 20 (1926). The EAJA is a partial waiver of the United States' sovereign immunity authorizing a court to award costs and attorney's fees against the United States in certain circumstances. *W. Watersheds Project v. Interior Bd. of Land Appeals*, 624 F.3d 983, 985 (9th Cir. 2010). Specifically, 28 U.S.C. § 2412(d)(1)(A) authorizes an award of attorney's fees to a "prevailing party other than the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." A position is substantially justified if it has a "reasonable basis in law and fact." *Ratnam v. INS*, 177 F.3d 742, 743 (9th Cir. 1999) (quotation omitted). The United States bears the burden of showing its position was substantially justified. *Id.* Whether to award fees under the EAJA, including the determination of whether the United States' position was substantially justified, lies within the court's discretion. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Clemons is a prevailing party because she obtained a remand for further proceedings after a finding that the ALJ erred. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). The United States has not responded to this motion so it has not met its burden of showing its position was substantially justified. The requested fees are reasonable. I therefore grant the motion.

IT IS THEREFORE ORDERED that the motion for attorney's fees **(ECF No. 28) is GRANTED**. Plaintiff Wanda R. Clemons' attorneys, Rohlfing & Kalagian, LLP,[1] are awarded attorney's fees pursuant to 28 U.S.C. § 2142(d)(1)(A) in the amount of $5,039.98. The clerk of court shall enter judgment accordingly.

DATED this 3rd day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff Wanda R. Clemons assigned her rights under the EAJA to her attorneys with the understanding that they will credit her bills for any recovery. ECF No. 28-3.